**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SAMUEL PRICE, #42151-037       :<br>    Petitioner | |
|                                                      : | |
| v.                                                    : | Civil Action No.  L-09-441 |
|                                                      : | Criminal Action No. L-05-0570 |
| UNITED STATES OF AMERICA      :<br>    Respondent | |

**MEMORANDUM**

Pending is Samuel Price's (Price) Petition for Writ of Error Coram Nobis. Price, who is proceeding pro se, predicates the Petition on Amendment 709 of the United States Sentencing Guidelines.[1] The Court will deny the Petition for the reasons that follow.

**BACKGROUND**

The Court sentenced Price on October 15, 2007, to 210 months incarceration and five years supervised release for conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. § 846. See United States v. Price, Criminal Action No. L-05-570 (D. Md.). Amendment 709 of the United States Sentencing Guidelines relates to the calculation of a defendant's criminal history score and went into effect on November 1, 2007.

---

[1] Amendment 709 provides :

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i .e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2) (2007).

## DISCUSSION

### (i) Coram Nobis

Coram nobis is an "extraordinary remedy" that should be used "only under circumstances compelling such action to achieve justice." <u>United States v. Mandel</u>, 862 F.2d 1067, 1075 (4th Cir.1988). A writ of error coram nobis is available to vacate a federal conviction only after a sentence has been served and defendant is no longer in custody. <u>See</u> <u>United States v. Morgan</u>, 346 U.S. 502 (1954). Where, as here, a petitioner is serving his sentence, coram nobis relief is not available. Consequently, the Court will deny the Petition.

### (ii) Motion to Modify Sentence

To the extent Price might intend to modify his sentence pursuant to 18 U.S.C. § 3582, a court may reduce a defendant's term of imprisonment in the case of a defendant who has been sentenced ... based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In Section 1B1.10(a)(2) of the Guidelines, the Sentencing Commission's policy statement provides that a court may not modify a defendant's sentence under 18 U.S.C. § 3582 if the amendment at issue is not listed in § 1B1.10(c):

> Exclusions: A reduction in the defendant's term of imprisonment is not consistent with this policy statement and is therefore not authorized under 18 U.S.C. § 3582(c)(2) if ... [n]one of the amendments listed in subsection (c) is applicable to the defendant....

U.S.S.G. § 1B1.10(a)(2) (May 1, 2008).

Amendment 709 is not listed in § 1B1.10(c), Consequently, the Sentencing Commission has not authorized resentencing under this Amendment, and the Court cannot consider it as a

basis for reconsideration of Price's sentence. See <u>United States v. Godin</u>, 522 F.3d 133, 134 (1st Cir. 2008) (Amendment 709 has not been made to apply retroactively).

## CONCLUSION

For the reasons stated herein, the Court shall deny the Petition. A separate Order shall be entered in accordance with this Memorandum.

Dated this 9th day of March 2009.

/s/
_____
Benson Everett Legg
Chief Judge